**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

TRAVIS PHILMLEE, SR.                                                                    PLAINTIFF

VS.                                        4:10CV00658 BSM/JTR

KARL BYRD; ET AL.                                                                    DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Brian

S. Miller.  Any party may serve and file written objections to this recommendation.  Objections

should be specific and should include the factual or legal basis for the objection.  If the objection is

to a factual finding, specifically identify that finding and the evidence that supports your objection.

An original and one copy of your objections must be received in the office of the United States

District Clerk no later than fourteen (14) days from the date of the findings and recommendations.

The copy will be furnished to the opposing party.   Failure to file timely objections may result in

waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the United States District Judge,

you must, at the same time that you file your written objections, include a "Statement of Necessity"

that sets forth the following:

1.        Why the record made before the Magistrate Judge is inadequate.

2.        Why the evidence to be proffered at the requested hearing before the

United States District Judge was not offered at the hearing before the Magistrate Judge.

3.     An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Room 149
Little Rock, AR 72201-3325

## I. Background

On June 15, 2010, Plaintiff filed his Complaint initiating this § 1983 action. (Docket entry #1). Plaintiff has also filed a Motion to Proceed *In Forma Pauperis* (docket entry #1), which United States District Judge Brian S. Miller has referred to the undersigned United States Magistrate Judge for disposition. (Docket entry #3).

In his Complaint, Plaintiff alleges that on January 24, 2010, he was arrested and detained at the Faulkner County Detention Center ("FCDC"). Plaintiff claims that Defendants denied him the use of a telephone, and that he was not allowed to make a telephone call until 29 days after he was first detained.[1] By way of relief, Plaintiff requests "monetary compensation" for the "violation of his constitutional rights." He also seeks an injunction that requires Defendants to provide detainees with one free call within 24 hours of detention.

---

[1]Plaintiff has sued the Faulkner County Sheriff and six other FCDC jailers.

2

## II. Discussion

While 28 U.S.C. § 1915(a)(1) allows for the commencement of a suit, without the prepayment of fees, it also specifies that "the court shall dismiss the case at any time" upon a determination that the action is frivolous or malicious.  *See* 28 U.S.C. § 1915(e)(2)(B)(i).

The claim Plaintiff has asserted in this action is duplicative of a "telephone" claim that he has asserted in a pending lawsuit that precedes this one.  On May 14, 2010, Plaintiff filed his Complaint in *Philmlee v. Byrd et al.*, E.D. Ark. No. 4:10CV00399 SWW/JTR, which asserts various § 1983 claims concerning the jail conditions during Plaintiff's January-February 2010 detention in the FCDC.[2]  Among other things, Plaintiff alleges that "there was no phone he could use" and that "he was refused the opportunity to use an outside phone."  Plaintiff further claims that "by not allowing me the use of a telephone," Defendants violated his constitutional rights.  In that action, Plaintiff requests "monetary compensation" for the violation of his rights and that the Sheriff be compelled to "correct any [unconstitutional] policy listed herein[.]"

It is well-settled that duplicative actions may be properly dismissed as frivolous or malicious under § 1915(e).  *See Patel v. Prince*, 276 Fed. Appx. 531 (8th Cir. 2008) (unpublished *per curiam*) (stating general rule that the test for determining duplicative litigation "is whether parties, issues, and available relief do not significantly differ between two actions"); *Spurlock v. Cockrell*, 186 Fed. Appx. 472 (5th Cir. 2006) (duplicative § 1983 claims were properly dismissed by the district court as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)); *Cottle v. Bell*, 229 F.3d 1142 (4th Cir. 2000) ("Because district courts are not required to entertain duplicative or redundant lawsuits, they may

---

[2]With the exception of one additional jailer, Separate Defendant Lloyd Vincent, the Defendants in No. 4:10CV00399 SWW/JTR are identical to those named in this case.

dismiss such suits as frivolous pursuant to § 1915(e)").

The parties, claims, issues, and relief sought in this case are essentially identical to those previously asserted by Plaintiff in No. 4:10CV00399 SWW/JTR.  Thus, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), the Court recommends that this action be dismissed, with prejudice.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT Plaintiff's Motion to Proceed *In Forma Pauperis* (docket entry #1) be DENIED, and this case be DISMISSED, WITH PREJUDICE.

Dated this 13th day of July, 2010.

_____
UNITED STATES MAGISTRATE JUDGE